IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CA No. 2:10-2816-RMG-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| David Popowski and Mindy B. Popowski, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the United States of America's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiff is seeking a judgment concerning owed tax liabilities of the defendants.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. David Popowski is proceeding *pro se.* Mindy Popowski is not.

## FACTUAL BACKGROUND

This case concerns the defendants' liability for the taxes they reported on Forms 1040 for tax years 2000-2007. The Internal Revenue Code (26 U.S.C.) authorizes the Secretary of the Treasury, or his delegate, to immediately assess such self-reported taxes. 26 U.S.C.§ 6201(a)(1). As of April 15, 2012, the defendants, collectively, owe a total of $367,759.96 for tax years 2000 through 2004, including tax, assessed penalties, accrued penalties, interest and all other statutory additions thereon. (See Budasoff Decl., ¶ 9, Exs. F-J.) As of April 15, 2012, David Popowski, individually, owes an additional total of

$96,305.89 for tax years 2005 through 2007, including tax, assessed penalties, accrued penalties, interest and all other statutory additions thereon. (See Budasoff Decl., ¶15, Exs. N-P).

## APPLICABLE LAW

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine

issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Neither of the defendants dispute that the tax assessments at issue are correct or owed. (D. Popowski Resp. at 1; M. Popowski Resp. at 2; Doc. 44-6 at 2.) In fact, Defendant David Popowski concedes summary judgment to the plaintiff. (See D. Popowski Resp.)

Defendant Mindy Popowski has raised a single defense to the case. She appeals to an application of the "innocent spouse exemption." Unfortunately, she has not attempted to make any evidentiary showing that she meets its requirements. (See M. Popowski Resp.) No genuine issues of fact exist, therefore, either as to the plaintiff's contentions or Mindy Popowski's hoped-for defense. It appears that counsel and the plaintiff are under serious and limiting constraints and it is regrettable that maybe more can not be done. But, there is nothing in evidence from which a fact finder could ever conclude she qualifies for

any kind of statutory defense, innocent spouse or otherwise. For that reason, summary judgment should be granted against her. Just for clarity, however, the Court would discuss briefly the defense.

Under the Internal Revenue Code, a husband and wife who file joint income tax returns are jointly and severally liable for the full amount of all taxes due. 26 U.S.C. § 6013(d)(3); *Wiksell v. Commissioner*, 90 F.3d 1459, 1461 (9th Cir. 1996). The innocent spouse exemption for joint filers under Section 6015 offers relief to individuals who through no fault of their own were unaware of their spouse's incorrect tax reporting. *See United States v. Boynton*, 2007 WL 737725, at *2 (S.D. Cal. 2007) (citing *In re French*, 242 B.R. 369, 376 (Bankr. N.D. Ohio 1999)). Therefore, a spouse may qualify for relief from joint and several liability under 26 U.S.C. §§ 6015(b), (c), or (f) if specific requirements are met.

In order to qualify for relief under Section 6015, Treasury Regulation 1.6015-5 requires the requesting spouse to file an administrative claim with the IRS within two years of the date on which the IRS first began collection activity. *See Lantz v. Commissioner*, 607 F.3d 479, 481-82 (7th Cir. 2010) (upholding the two year limitations). The defendant represents that the IRS has published a specific form, Form 8857, titled "Request for Innocent Spouse Relief," for submission of the information required to request relief under Section 6015 and has published detailed explanations of the three types of relief that may be obtained in Publication 971, Innocent Spouse Relief.

Summarily, the plaintiff represents that she hired a tax dispute resolution company to file a timely request for innocent spouse relief on her behalf at the Internal Revenue Service ("IRS") administrative level pursuant to 26 U.S.C. §§6015(b) and (c). Her present counsel is of the opinion that the request was insufficient in both thoroughness and detail.

The plaintiff represents that the IRS, in fact, denied th request on May 14, 2007. Mindy Popowski never made any appeal of that denial. None of these details, however, are substantiated by even an affidavit of the defendant.

Regardless, these offered facts have no tendency to vindicate the defendant's position even if fully true. She essentially admits that she did not avail herself of the procedural necessities. Beyond those deficiencies, she also has failed to submit evidence with regard to the elements of the defense itself.

Lastly, even if she could, the Court has no authority to hear it. The defendant essentially concedes and the plaintiff amply demonstrates that the "innocent spouse" defense may only be heard by the Tax Court. Specifically, under subsection (e) of Secion 6015, if the taxpayer's innocent spouse claim is denied by the Secretary (or the IRS takes no action on the claim after 6 months), the taxpayer can seek judicial review by filing a petition with the United States Tax Court within 90 days of the denial. 26 U.S.C. § 6015(e)(1)(A) (ii). Thereafter, appeal of the Tax Court decision may be taken to the Court of Appeals. *See* 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals … shall have exclusive jurisdiction to review the decisions of the Tax Court . . . ."); *cf. Pietromonaco v. Comm'r*, 3 F.3d 1342, 1344 (9th Cir. 1993) ("We review for clear error the Tax Court's determination that Mrs. Capehart was not entitled to innocent spouse relief under §§ 6015(b) and (c)."). The only available exception is not applicable here. *See* 26 U.S.C. § 6015(e)(3). The defendant does not contend otherwise.

Accordingly, the defendant has no bases to defeat the present motion.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the plaintiff's motion for summary judgment [Doc. 23] be GRANTED and judgment be entered against both defendants in the amount of $367,759.96 and against David Popowski in the additional amount of $96,305.89.

IT IS SO RECOMMENDED.

s/Bruce H.  Hendricks
United States Magistrate Judge

November 13, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).